PUBLIC SERVICE RAILWAY COMPANY, A CORPORATION, APPELLANT, v. JAMES R. MOONEY, RESPONDENT.

Submitted July 5, 1923—Decided December 27, 1923.

1. One who is engaged in the lawful performance of a legal right must use reasonable care in the exercise of such right not to injure another, and when defendant's servant in excavating in a public street for the purpose of installing a water pipe struck several blows with a pick against the conduit of the plaintiff containing electric wires, and a bright flash and explosions followed, and, notwithstanding this flash and explosion, he proceeded to lay the water pipe against the conduit, where it was pierced, which subsequently caused damage to the wires of the plaintiff, defendant was responsible for the negligent act of his servant in failing to exercise due care in the performance of this work.

2. One engaged in excavating a public street is chargeable with the knowledge that most streets contain beneath their surface gas pipes, water pipes and conduits, containing telegraph, telephone and electric wires, and he cannot shut his eyes to this condition and dig up a street without taking care that he does not injure such underground structures.

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Thomas S. Woodruff.*

For the respondent, *Howe & Davis* and *Edward L. Davis* (of counsel).

The opinion of the court was delivered by

KALISCH, J. The plaintiff appeals from a judgment of the First District Court of Newark rendered against him in favor of the defendant. The case was tried before the court, sitting without a jury. The state of the case agreed upon between counsel of the respective parties shows that the plaintiff sued the defendant in tort to recover damages for injuries which it sustained through the alleged negligence of defendant

growing out of the following conceded facts and circumstances:

"The plaintiff lawfully maintained a concrete conduit about three feet underground along Lakeside avenue, in the vicinity of High street, in the city of Orange. The conduit contained electric wires which were used by the plaintiff in transmitting electricity from one place to another for the operation of its trolley cars. The defendant lawfully, on or about October 11th, 1921, dug a trench near, above and at right angles to plaintiff's conduit. Defendant's servant, after digging down some two and one-half or three feet, his pick struck a hard substance which made no particular impression on him, until his pick appeared to make some impression on the hard substances, which resulted in an explosion and bright flash, causing him to jump back from the place where he was picking. Defendant's servant stated that he was frightened.

"The defendant completed the trench for the purpose of installing a water pipe connecting an adjacent house with the water main. He thereupon installed a water pipe in the trench and laid it up against or close to plaintiff's conduit at the point where the pick of the defendant's servant had pierced the conduit. Thereupon the defendant filled in the trench. On the day of the original injury to the conduit electrical disturbances were noticed in the adjacent powerhouse of the plaintiff. The lead water pipe installed by the defendant melted from the heat generated by the electric wires in the conduit, and allowed the water to escape into the conduit, short circuiting the electric wires contained in it. The water leaked also to such an extent that it seeped up to the surface of the ground and failed to run into the house for which the connection was made. The defendant thereupon dug up the trench and found the lead pipe melted through in two or three places out of which the water escaped.

"Plaintiff's witness stated that he did not know what his pick struck. Plaintiff's electric wires in the conduit were rendered useless and caused considerable damage to the

plaintiff. There was no map or chart of plaintiff's conduit. It was conceded that plaintiff's conduit was lawfully laid and maintained, and that the defendant had the right to dig his trench and install the water pipe in question."

At the close of the entire case plaintiff moved for judgment (the amount of damages which the plaintiff sustained having been conceded, as appears by the state of the case) on the following grounds:

1. The defendant was negligent as a matter of law for his failure to protect plaintiff's conduit after its existence became known or ought to have been known to him.

2. That defendant was negligent in the installation of his water pipe in close proximity to plaintiff's conduit, after its existence became known to him, or ought to have been known to him, together with the fact that it contained electric wires.

3. That the defendant failed to report the occurrence of the flash or explosion and consequent injury to conduit to anyone, and failed to make inquiry of anyone with reference thereto. The plaintiff's motion was denied and judgment was given in favor of the defendant on the ground "that there was no proof of negligence on part of the defendant."

It is to be particularly observed here that, the facts being conceded, the question presented to the trial judge was whether they were sufficient in law to constitute actionable negligence. He held that they were not sufficient. His finding is predicated solely on the ground "that there was no proof of negligence."

We think this was error. The theory of the respondent, as gleaned from the brief, seems to be that because the acts of digging the trench in the public street and installing a water pipe therein were lawful, the fact that the defendant's servant in performing this work pierced the plaintiff's conduit was of no importance, since he did not know that there was a conduit there or that he was encountering one, notwithstanding the admitted fact that the pick struck the conduit several times before it pierced it, followed by an explosion and a bright flash. He made no examination and

proceeded to lay the lead pipe up against or close to the conduit where it was pierced, and then filled in the trench regardless of consequences. Such conduct was palpably not consistent with the exercise of reasonable care. One who is engaged in the lawful performance of a legal right must use reasonable care in the exercise of such right not to injure another. A lawful act performed in a careless manner to the injury of another is actionable. The case of *Marshall* v. *Wellwood,* 38 *N. J. L.* 339, does not enunciate a contrary principal. At page 343, Chief Justice Beasley says: "I cannot agree that, from these indications, the broad doctrine is to be drawn that a man in law is an insurer that the acts which he does, such acts being lawful *and done with care,* shall not injuriously affect others." The words "and done with care" have been underscored, for the purpose of directing particular attention to what this great jurist deemed essential to preclude legal liability for the performance of a lawful act injuriously affecting another, that such act must be done with care.

We now approach a consideration of the vital question in the cause, which is whether there was any warrant for the finding by the trial judge that there was no proof of negligence.

The argument addressed to us on behalf of the respondent in support of the judgment is mainly as follows: "The defendant's workman was lawfully digging in the highway. He did not know of the existence of this conduit. There was nothing in the situation that would lead him to believe that such conduit was there, and no attempt at notice is indicated. During his digging his pick struck some hard substance. a common and ordinary event in digging. Stones and other hard materials are certain to be turned up. Not knowing what it was he continued for a few strokes until the shock came and he stopped. There is no evidence that enough of the conduit was exposed so as to give him actual notice that a pipe or conduit existed there. We think that if, after knowing of the existence of such a conduit, the de-

fendant had continued in an attempt to break into it, there might be a liability, for the exposure of sufficient surface as to indicate," &c.

The weakness of this contention is manifest. It wholly ignores any knowledge that the master might have had as to the existence of the conduit in question. For if the master had such knowledge then it was his duty, in the exercise of reasonable care, to have imparted such knowledge or information which he possessed to his servant, so that the latter might exercise a degree of care in digging as to avoid damaging plaintiff's property, and if the master failed in discharging his duty in the respect above mentioned he was negligent, and, hence, legally responsible for any injury resulting to the plaintiff's property, irrespective of the fact whether or not the servant had knowledge of the existence of the conduit.

The defendant is a plumber and had the contract to install the water pipe. He was chargeable with knowledge of the fact that most of our public thoroughfare contain beneath their surfaces gas pipes, water pipes, conduits containing telegraph, telephone, trolley electric light wires, &c. One cannot be permitted to shut his eyes to this condition and blindly go on and dig up a street without taking that degree of care necessary to refrain from interfering with and injuring the property of others.

The duty devolving upon one who is about to dig up a street where such a condition is likely to exist is well expressed by the court in *Frontier Telegraph Co.* v. *Hepp*, 66 *Mise.* (*N. Y.*) 265; 121 *N. Y. Supp.* 460, as follows:

"We are of the opinion that when one, like the defendant, uses the public streets for his own private purposes and goes beneath the surface, by excavation or otherwise, the duty rests upon him to fully inform himself as to what lies below, so that he may avoid injury to the property of the city or others rightfully there. The streets of a modern city are so underlaid with pipes and conduits of various kinds, necessary to the comfort and welfare of its citizens, that one may be required to take almost judicial notice that in digging he

may encounter such pipes or conduit at any point in the street * * * ordinary prudence and care dictate that he should inform himself of what lies beneath so as to avoid injury to public property or to the property of public service corporations."

Conduits are property subject to ownership, and one wrongfully or negligently causing injury is liable. * * * If a private individual * * * makes any excavation in the street, at least ordinary care is required that no injury shall be done to conduits. *Curt. Law Elec.* (1915), 509, citing *Brush Electric Illuminating Co. v. Consolidated Telegraph and Electrical Subway Co.,* 15 *N. Y. Supp.* 81; affirmed, 60 *Hun.* 446.

In addition to what has been said in relation to the master's duty, it is quite obvious from the agreed state of the case that the damage to the plaintiff's property was due to the careless manner in which the defendant's servant performed the work. For when the latter hit the hard substance with his pick several times until there was an explosion and a bright flash, which he says frightened him, the only permissible inference is that he must have known that it was not a stone or other hard substance usually encountered in digging in virgin soil, and so far as the stated case shows, by its silence on the subject, he never stopped to investigate what he had hit that caused an explosion and a bright flash, but continued on with his work and laid a lead pipe up against the plaintiff's conduit at the place where it was pierced by the pick, and then filled in the trench without disclosing to anyone what had happened.

We think the facts, as disclosed by the state of the case, were such that they did not properly permit the trial judge to draw any other inference therefrom than that they tended to establish negligence on part of the defendant. The finding of the trial judge that there was no proof of negligence is not supported by the agreed state of the case.

The judgment of the District Court is reversed and a *venire de novo* awarded.